Keith Beauchamp (012434)
Malvika A. Sinha (038046)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, AZ 85004
kbeauchamp@cblawyers.com
msinha@cblawyers.com
T:  (602) 381-5490
F:  (602) 224-6020

Douglas A. Rettew (*pro hac vice* forthcoming)
B. Brett Heavner (*pro hac vice* forthcoming)
**FINNEGAN, HENDERSON, FARBAROW,
GARRETT & DUNNER LLP**
901 New York Avenue, NW
Washington, D.C. 20001-4413
doug.rettew@finnegan.com
b.brett.heavner@finnegan.com
T:  (202) 408-4000
F:  (202) 408-4400

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Whaleco Inc., | No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| Kape Technologies (Cyprus) Limited; ABC Corporation 1-7 and John Doe 1-7, | |
| Defendants. | |

Plaintiff Whaleco Inc. ("Whaleco"), by its undersigned attorneys, alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters. Under Fed. R. Civ. P. 65(b), the facts of this Complaint, as they pertain to Whaleco, are verified below.

### NATURE OF THE CASE

1.     This is a civil action against Kape Technologies (Cyprus) Limited, ABC Corporation 1-7, and John Doe 1-7 for trademark counterfeiting, trademark infringement, trademark dilution, false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq*.; common-law trademark infringement and unfair competition under Arizona law; and trademark dilution under A.R.S. § 44.1448.01.

2.     Whaleco brings this action because Defendants are using Whaleco's federally registered TEMU trademark and logo to dupe people into believing that Defendants' mobile application distribution platforms—www.apkmody.io, www.baixarapk.gratis, www.en.downlody.com, www.jojoy.io, www.latestmodapks.com, www.gl.modsforandroid.com, www.safeapphub.com, and www.wizcase.com (the "Infringing Platforms")—and pirated copies of Whaleco's mobile application software (the "Infringing Apps") are put out or approved by Whaleco or are otherwise associated or affiliated with Whaleco, when that is not the case. Defendants plainly seek to profit by taking a free ride on the goodwill in the famous TEMU Marks. Moreover, Whaleco is urgently concerned that the Infringing Apps may be adulterated versions of the TEMU app, modified to include malicious code, which, above and beyond the inherent harm of consumer confusion, may infiltrate consumers' devices with malicious code, steal personal information, and/or otherwise cause significant harm to unsuspecting members of the public.

3.     To protect the public and the goodwill that Whaleco has worked hard to successful build in its mark and its branding, Defendants must immediately be prohibited from further use of the TEMU trademarks in connection with the Infringing Platforms and Infringing Apps and prevented from further dissemination of those apps.

### THE PARTIES

4.     Whaleco Inc. d/b/a Temu is a Delaware corporation with its principal

place of business at 31 Saint James Ave., Suite 355, Boston, Massachusetts 02116-4101.

5.     Upon information and belief, Defendant ABC Corporation 1 and/or John Doe 1 operate the mobile application distribution platform at www.apkmody.io and/or have uploaded the Infringing Apps to the Infringing Platforms for distribution.

6.     Upon information and belief, Defendant ABC Corporation 2 and/or John Doe 2 operate the mobile application distribution platform at www.baixarapk.gratis and/or have uploaded the Infringing Apps to the Infringing Platforms for distribution.

7.     Upon information and belief, Defendant ABC Corporation 3 and/or John Doe 3 operate the mobile application distribution platform at www.downloady.com and/or have uploaded the Infringing Apps to the Infringing Platforms for distribution.

8.     Upon information and belief, Defendant ABC Corporation 4 and/or John 4 operate the mobile application distribution platform at www.jojoy.io and/or have uploaded the Infringing Apps to the Infringing Platforms for distribution.

9.     Upon information and belief, Defendant ABC Corporation 5 and/or John Doe 5 operate the mobile application distribution platform at www.latestmodapks.com and/or have uploaded the Infringing Apps to the Infringing Platforms for distribution.

10.     Upon information and belief, Defendant ABC Corporation 6 and/or John Doe 6 operate the mobile application distribution platform at www.modsforandroid.com and/or have uploaded the Infringing Apps to the Infringing Platforms for distribution.

11.     Upon information and belief, Defendant ABC Corporation 7 and/or John Doe 7 operate the mobile application distribution platform at www.safeapphub.com and/or have uploaded the Infringing Apps to the Infringing Platforms for distribution.

12.     Upon information and belief, Defendant Kape Technologies (Cyprus) Limited is a company organized under the laws of Cyprus with its principal place of business at Foti Pitta 4, Labs Tower, 1065 Nicosia, Cyprus. Upon information and

1    belief, Kape Technologies (Cyprus) Limited operates the mobile application

2    distribution platform at www.wizcase.com and/or has uploaded the Infringing Apps to

3    the Infringing Platforms for distribution.

4         13.    Whaleco does not know the identity or location for ABC Corporations

5    1-7 or John Does 1-7 at this time and has been unable to discover them through

6    reasonable due diligence. Whaleco therefore sues ABC Corporations 1-7 and John

7    Does 1-7 by fictitious names and believes that each is an actual person or entity

8    involved in the unlawful violation of Whaleco's intellectual property rights and is

9    legally responsible for the events and injury to Whaleco alleged here. Whaleco will

10    seek leave to amend this Complaint when the identities of ABC Corporations 1-7 and

11    John Does 1-7 have been discovered and revealed.

12    **JURISDICTION AND VENUE**

13         14.    This action arises under the federal Trademark Act, 15 U.S.C. § 1051,

14    *et. seq*., and under Arizona statutory and common law.  This Court has subject matter

15    jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331,

16    1338(a) and (b).

17         15.    Upon information and belief, ABC Corporations 2, 3, and 6 and/or John

18    Does 2, 3, and 6 each consented to jurisdiction in this District when they entered the

19    registration agreement with the domain name registrar Namecheap. (Exhibit 1.) That

20    agreement provides, in relevant part, that the registrant agrees "for the adjudication

21    of third-party disputes . . . concerning or arising from use of domain names registered

22    hereunder, [they] shall submit without objection . . . to the subject matter and

23    personal jurisdiction of the court  . . .  where [the registrar is] located, currently those

24    State or federal courts whose geographic district include Maricopa County, State of

25    Arizona."

26         16.    Upon information and belief, Kape Technologies (Cyprus) Limited,

27    ABC Corporations 1, 4, 5, and 7 and/or John Does 1, 4, 5, and 7 consented to

28    jurisdiction in this District when they entered the registration agreement with the

domain name registrar GoDaddy, in which they "agree[d] to submit . . . to the jurisdiction of the courts . . . where [GoDaddy] is located." (Exhibit 2 ¶ 6) GoDaddy is located in Tempe, Arizona.

17.    Additionally, upon information and belief, all Defendants are subject to jurisdiction in this District because they have caused the Infringing Platforms and Infringing Apps to be available to consumers within this state and customers within this state have accessed the Infringing Platforms and downloaded the Infringing Apps in this state.

18.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants' Infringing Platforms are accessible in this District and because Defendants' Infringing Apps have been downloaded in this District, causing harm to consumers and Whaleco within this District.

## WHALECO'S SERVICES AND INTELLECTUAL PROPERTY

19.    Whaleco operates a closed-loop e-commerce platform that connects consumers with a vast array of affordable, quality products—including clothing, consumer goods, cosmetics, appliances, electronics, and more—with third-party sellers, manufacturers, and brands around the world (the "TEMU Platform").

20.    The TEMU Platform launched in the United States in September 2022 under the TEMU name, trademark, and logo shown below. Whaleco has used the TEMU name, mark, and logo (collectively, the "TEMU Marks") continuously since that time to identify the source and origin of its TEMU Platform and accompanying services.



1.

21.     The TEMU Platform is available online, aptly at www.temu.com and via mobile application ("TEMU App"), available for download from the Apple App Store and the Google Play Store (screenshot below).



22.     Whaleco spends millions of dollars marketing and promoting the TEMU Marks by working with key influencers and content creators, advertising on social media, and purchasing commercial ad spots, including its viral 2023 "Shop Like a Billionaire" Super Bowl ad (screenshots below), which to date has been viewed more than 895 million times. (Exhibit 3.) According to one source, the 2023 Super Bowl was watched by over 115 million viewers in the United States, making it not only the most-watched Super Bowl in history, but also the most popular U.S. television program of all time. (Exhibit 4.)







23.    The TEMU Platform has enjoyed tremendous success in the U.S. market. Today, little more than a year after its launch, the TEMU App has surpassed 100 million downloads on the Google Play Store alone and has been one of the most downloaded free apps in both the Google Play Store and the Apple App Store. (*See e.g.*, Exhibit 5.)

24.    In addition to marketing, Whaleco's success is the result of its commitment to offering a quality shopping experience to its consumers on the

TEMU Platform. Whaleco has invested, and continues to invest, millions of dollars building an online infrastructure that is convenient and complete for sellers and consumers alike. For example, to ensure a safe and secure shopping environment for consumers, Whaleco and its affiliates curate sellers and also provides data security services to protect consumers' personal and payment information.

25.    Moreover, by limiting distribution of the TEMU App to reputable distributors like Apple and Google, Whaleco ensures its customer receive only the latest version of its app, providing the quality shopping experience its customer have come to expect from the TEMU Platform.

26.    As a result of the extensive public exposure of the TEMU Marks and the enormous success of the TEMU Platform, the TEMU Marks have become well-known and embody the enormous goodwill that Whaleco has worked hard to build. Whaleco has been granted an exclusive license by Five Bells Limited, giving Whaleco the right and authority to use and enforce the TEMU Marks, including the following valid and subsisting U.S. trademark registrations, which cover a variety of online marketplace and shopping services:

| Mark | Reg. No. Reg. Date | Products/Services |
|---|---|---|
|  | 7145476 08-22-2023 | Provision of an online marketplace for buyers and sellers of goods and services in Class 35. |
| TEMU | 7157165 09-05-2023 | Various downloadable software for online shopping in Class 9. |
| | 7157220 09-05-2023 | Various downloadable software for online shopping in Class 9. |

| | | |
|---|---|---|
|  | | |
| TEMU | 7164306<br>09-12-2023 | Provision of an online marketplace for buyers and sellers of goods and services in Class 35. |

27.    Printouts of these registrations, taken from the U.S. Patent and Trademark Office's online database, are attached as Exhibit 6.

28.    Whaleco is also the exclusive licensee authorized to use and enforce the following federal trademark applications owned by Five Bells for the TEMU trademark and logo covering a variety of services in Classes 18, 35, 36, 38, 39, 41, 42, and 45:

| Mark | Serial No.<br>App. Date | Products/Services |
|---|---|---|
| TEMU | 97543570<br>08-10-2022 | Among other things, Software as a service (SAAS) services featuring software for online shopping in Class 42. |
| TEMU | 97543542<br>08-10-2022 | Among other things, advertising and marketing services in Class 35. |
| TEMU | 97543555<br>08-10-2022 | Various transmission services in Class 38. |
|  | 97575694<br>09-01-2022 | Various transmission services in Class 38. |
| | 97575712<br>09-01-2022 | Among other things, Software as a service (SAAS) services featuring software for online shopping in Class 42. |

| Mark | Serial No. App. Date | Products/Services |
|---|---|---|
|  | | |
| TEMU | 97736381 12-29-2022 | Various banking and bill payment services in Class 36. |
| TEMU | 97736385 12-29-2022 | Various services for the transportation of goods in Class 39. |
| TEMU | 97736391 12-29-2022 | Various entertainment services in Class 41. |
| TEMU | 97736396 12-29-2022 | Various services, including online social networking services, for the purpose of online shopping in Class 45. |
|  | 97736411 12-29-2022 | Various banking and bill payment services in Class 36. |
|  | 97736419 12-29-2022 | Various services for the transportation of goods in Class 39. |
|  | 97736428 12-29-2022 | Various entertainment services in Class 41. |

| Mark | Serial No. App. Date | Products/Services |
|---|---|---|
|  | 97736435 12-29-2022 | Various services, including online social networking services, for the purpose of online shopping in Class 45. |
| TEMU | 97889848 04-14-2023 | Online retail store services and provision of an online marketplace for buyers and sellers of goods and services in Class 35. |

29.     Printouts of these applications, taken from the U.S. Patent and Trademark Office's online database, are attached as Exhibit 7.

**DEFENDANTS' UNAUTHORIZED USE OF THE TEMU MARKS**

30.     As detailed below, Defendants are, without authorization, using the TEMU Marks to market and promote pirated Infringing Apps for download from Infringing Platforms. Each of the Infringing Platforms is accessible to consumers in Arizona. The Infringing Apps have been downloaded in Arizona from the www.apkmody.io, www.baixarapk.gratis, www.downloady.com, www.jojoy.io, www.latestmodapks.com, www.modsforandroid.com, and www.safeapphub.com Infringing Platforms. Upon information and belief, the Infringing Apps have been available for download in Arizona from the www.wizcase.com Infringing Platform.

31.     Defendant ABC Corporation 1 and/or John Doe 1 make one of the Infringing Apps available for download at https://apkmody.io/apps/temu. (Exhibit 8.) That app appears to be an out-of-date version of the genuine TEMU App and, as shown below, is branded and promoted with the TEMU Marks:



32.     Defendant ABC Corporation 2 and/or John Doe 2 make one of the Infringing Apps available for download at https://baixarapk.gratis/en/app/1641486558/temu-team-up-price-down. (Exhibit 9.) As shown below, that app is branded and promoted with the TEMU Marks:

33.     Defendants ABC Corporation 2 and/or John Doe 2 further feature the TEMU Marks without authorization on the homepage of the www.baixarapk.gratis Infringing Platform in the "Explore Trending Apps" section. (Exhibit 10.)



34.     Defendant ABC Corporation 3 and/or John Doe 3 make one of the Infringing Apps available for download at https://en.downlody.com/temu/. (Exhibit 11.) That app appears to be an out-of-date version of the genuine TEMU App and, as shown below, is branded and promoted with the TEMU Marks:



35.     Defendants ABC Corporation 3 and/or John Doe 3 further feature the TEMU Marks multiple times without authorization on the homepage of the www.downloady.com Infringing Platform in the "Latest apps" section. (Exhibit 12.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19

36.     Defendants ABC Corporation 4 and/or John Doe 4 make one of the

20

Infringing Apps available for download at https://jojoy.io/apps/temu/. (Exhibit 13.)

21

That app appears to be an out-of-date version of the genuine TEMU App and, as

22

shown below, is branded and promoted with the TEMU Marks:

23
24
25
26
27
28



37.    Defendants ABC Corporation 5 and/or John Doe 5 make one of the Infringing Apps available for download at https://latestmodapks.com/temu-apk/. (Exhibit 14.) That app appears to be an out-of-date version of the genuine TEMU App and, as shown below, is branded and promoted with the TEMU Marks:



38.    Defendants ABC Corporation 6 and/or John Doe 6 make one of the Infringing Apps available for download at https://gl.modsforandroid.com/en/app/1641486558/temu-shop-like-a-billionaire#google_vignette. (Exhibit 15.) As shown below, that app is branded and promoted with the TEMU Marks:



39.     Defendants ABC Corporation 7 and/or John Doe 7 make one of the Infringing Apps available for download at https://safeapphub.com/app?app=com.einnovation.temu. (Exhibit 16.) As shown below, that app is branded and promoted with the TEMU Marks:



40.     Defendants ABC Corporation 7 and/or John Doe 7 further feature the TEMU Marks multiple times without authorization on the homepage of the www.safeapphub.com Infringing Platform. (Exhibit 17.)



41.     Defendant Kape Technologies makes one of the Infringing Apps available for download at https://www.wizcase.com/download/temu/. (Exhibit 18.) That app

appears to be an out-of-date version of the genuine TEMU App and, as shown below, is branded and promoted with the TEMU Marks:



42.   On information and belief, some of the above Infringing Apps are adulterated versions of the TEMU App and contain malware or other harmful content, that may cause injury to Whaleco's consumers who use the Infringing Apps.

43.   Because the Infringing Platforms and the Infringing Apps prominently feature the TEMU Marks, they are likely to cause consumers to believe they are put out or approved by Whaleco or otherwise associated with Whaleco.

44.   Consumers who access the Infringing Platforms and/or download the Infringing Apps believe they are downloading the TEMU App only to find outdated and/or otherwise compromised version of the app are likely to blame Whaleco for the Infringing Platform's and Infringing App's poor quality, harming Whaleco's reputation and goodwill. Such harm is immediate, ongoing, and irreparable.

45.   Moreover, consumers are duped into downloading the Infringing Apps believing they are the TEMU App are at risk of significant harm should the Infringing App contain malicious code. Such harm would further damage Whaleco's reputation and goodwill. Upon information and belief, such harm is immediate, ongoing, and irreparable.

46.     Based on similarities identified on the Infringing Platforms and among the Infringing Apps, Whaleco believes Defendants are the same person or entity, are related persons or entities, and/or are working in concert with one another. For example, customers attempting to contact the Infringing Platforms www.baixarapk.gratis and www.modsforandroid.com are redirected to identical "Contact Forms" hosted at https://fncontact.com/removeandroid. The Infringing Platform www.baixarapk.gratis promotes its Infringing App using six screenshots taken from the TEMU App when the TEMU App bore a Halloween motif. (Exhibit 9.) The Infringing Platform at www.latestmodapks.com uses the exact same six screenshots. (Exhibit 14.) Likewise, the Infringing Platforms www.apkmody.io and www.jojoy.io promote their Infringing Apps using two identical screenshots, one featuring "UP TO 90% OFF" and the other featuring "Women's Fashion." (Exhibits 8 and 13). Further still, all the Infringing Platforms appear in a similar layout and offer the same types of products and services.

## **INJURY TO WHALECO**

47.     Defendants' unauthorized uses of the TEMU Marks on the Infringing Platforms and in connection with the Infringing App are likely to cause confusion, mistake, and deception as to the source or origin of Defendants, their apps, and/or their activities with Whaleco.

48.     Whaleco does not want to be associated with Defendants, the Infringing Platforms, or the Infringing Apps as it has no control over any of them, including their security.

49.     Defendants' unauthorized use of the TEMU Marks in connection with the Infringing Platforms and Infringing Apps is likely to dilute the distinctiveness and value of Whaleco's famous TEMU Marks and to tarnish them.

50.     Defendants have acted willfully, in reckless disregard of Whaleco's rights, and in bad faith, as evidenced in part by their obvious copying of Whaleco's popular TEMU App and famous TEMU Marks. As a direct and proximate result of

Defendants' willful actions, Whaleco and its reputation and goodwill have been, and will continue to be, irreparably harmed unless Defendants' unlawful conduct is enjoined.

51.     Moreover, because Whaleco has no quality control over the Infringing Apps, it has no way to keep consumers from harm. Indeed, upon information and belief, the Infringing Apps contains malware that, once installed, may steal the personal information of Whaleco's customers, install viruses, and otherwise cause harm to consumers' devices.

52.     Defendants' unauthorized use of the TEMU Marks has damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Whaleco, the TEMU Marks, and the TEMU Platform's reputation and goodwill, and harm the public's interest in being free from confusion, mistake, and deception, *especially* when such confusion, mistake and deception has the potential to cause significant financial harm to consumers.

53.     By infringing the TEMU Marks and thus usurping Whaleco's significant goodwill, Defendants have unlawfully profited from Whaleco's extensive marketing and distribution efforts in the United States. Defendants have thus reaped ill-begotten profits and unjustly retained a financial benefit that belongs to Whaleco.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Counterfeiting Under**
**Sections 32(1)(b), 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d)**

54.     Whaleco repeats and realleges every allegation set forth in each of the preceding paragraphs of this Complaint.

55.     Defendants have used and continue to use a counterfeit of the federally registered TEMU Marks in connection with the advertising of goods or services, which is likely to cause consumer confusion or mistake, or to deceive in violation of Sections 32(1)(b) and 34(d) of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d).

**SECOND CLAIM FOR RELIEF**
**Federal Trademark Infringement Under**
**Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

56. Whaleco repeats and realleges every allegation set forth in each of the preceding paragraphs of this Complaint.

57. Without Whaleco's consent, Defendants have used and continue to use in commerce colorable imitations of the registered TEMU Marks in connection with the Infringing Platforms and Infringing Apps.

58. Defendants' infringing uses of the registered TEMU Marks are likely to cause consumer confusion, mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**THIRD CLAIM FOR RELIEF**
**Trademark Infringement, False Designation of Origin and Unfair Competition**
**Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 11125(a)(1)(A)**

59. Whaleco repeats and realleges every allegation set forth in each of the preceding paragraphs of this Complaint.

60. Defendants' actions described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants, Defendants' services, and/or Defendants' commercial activities by or with Whaleco, and thus constitute trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

**FOURTH CLAIM FOR RELIEF**
**Trademark Dilution Under**
**Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

61. Whaleco repeats and realleges every allegation set forth in each of the preceding paragraphs of this Complaint.

62. The TEMU Marks are famous, as defined in 15 U.S.C. §1125(c), based on among other things, the inherent distinctiveness and federal registration of the marks and the extensive nationwide use, advertising, promotion, and recognition of the marks.

63.     The TEMU Marks were famous before Defendants' first infringing uses of them.

64.     Defendants' actions, as described above, are likely to dilute the distinctive quality of the famous TEMU Marks by blurring and tarnishment in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

### FIFTH CLAIM FOR RELIEF
**Trademark Infringement and Unfair Competition**
**Under Arizona Common Law**

65.     Whaleco repeats and realleges every allegation set forth in each of the preceding paragraphs of this Complaint.

66.     Whaleco uses the TEMU Marks to identify its goods and services under exclusive license from Five Bells, which has common law rights to the TEMU Marks.

67.     Defendants' infringing uses of the registered TEMU Marks are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants, Defendants' services, and/or Defendants' commercial activities by or with Whaleco.

68.     Defendants' actions thus constitute trademark infringement and unfair competition under Arizona common law.

### SIXTH CLAIM FOR RELIEF
**Trademark Dilution**
**Under A.R.S. § 44-1448.01**

69.     Whaleco repeats and realleges every allegation set forth in each of the preceding paragraphs of this Complaint.

70.     Based on among other things, the inherent distinctiveness and federal registrations of Whaleco's TEMU Marks and the extensive nationwide use, advertising, promotion, and recognition of the TEMU Marks, Whaleco's TEMU Marks are well-known and famous indicators for its TEMU Platform and related services.

71.     Whaleco's TEMU Marks were famous before Defendant's first unlawful

1   use of the TEMU Marks.

2      72.    Defendants acted willfully with intent to trade on Whaleco's reputation

3   and goodwill and to cause dilution of Whaleco's famous TEMU Marks.

4      73.    Defendant's actions, as described above, are likely to dilute the

5   distinctive quality of Whaleco's famous TEMU Marks by blurring in violation of

6   A.R.S. § 44-1448.01.

7                              **JURY DEMAND**

8      Pursuant to Fed. R. Civ. P. 38, Whaleco respectfully demands a trial by jury on

9   all issues properly triable by a jury in this action.

10                           **PRAYER FOR RELIEF**

11     WHEREFORE, Whaleco respectfully requests that this Court enter judgment

12  in its favor on each and every claim for relief set forth above and award it relief,

13  including the following:

14     A.    An Order that Defendants' uses of the TEMU Marks (and variations)

15  knowingly and willfully infringe the TEMU Marks, dilute the TEMU Marks, and

16  constitute unfair competition, as detailed above.

17     B.    An Order requiring Defendants to disable access to the listing below as

18  well as any other listing on any distribution platform that Defendants operate or

19  control where a download purported to be the TEMU App is available, so they are no

20  longer accessible to Internet users for the pendency of this litigation:

21     • https://apkmody.io/apps/temu

22     • https://baixarapk.gratis/en/app/1641486558/temu-team-up-price-down

23     • https://en.downlody.com/temu/

24     • https://jojoy.io/apps/temu/

25     • https://latestmodapks.com/temu-apk/

26     • https://gl.modsforandroid.com/en/app/1641486558/temu-shop-like-a-

27        billionaire#google_vignette

28     • https://safeapphub.com/app?app=com.einnovation.temu

1        • https://www.wizcase.com/download/temu/

2        C.      An Order requiring Defendants and any Internet Service Providers or

3    hosts for the Infringing Platforms to disclose all identifying information regarding

4    the persons uploading the Infringing Apps and TEMU Marks, including name(s),

5    physical and email address(es), and phone number(s), to Whaleco within five (5)

6    business days from the entry of the Order.

7        D.      An Order enjoining Defendants, and their officers, employees, agents,

8    servants, attorneys, and representatives, and all persons in active concert or

9    participation with any of them:

10       1.    From using, registering, or seeking to use or register any name, mark, trade

11             name, company name, domain name, source identifier, or designation

12             comprised of or containing the TEMU Marks or any similar term(s) or

13             design in any manner likely to cause confusion with Whaleco and/or the

14             TEMU Marks or to otherwise injure Whaleco and/or its goodwill and

15             reputation;

16       2.    From representing, by any means whatsoever, directly or indirectly, that

17             Defendants, their services/goods, and/or their activities originate from, are

18             sponsored by, or are associated, affiliated, or connected with Whaleco in

19             any way;

20       3.    From engaging in acts that constitute trademark infringement,

21             counterfeiting, dilution, false designation of origin, or unfair competition

22             that would damage or injure Whaleco's business reputation or damage or

23             dilute the value of the TEMU Marks; and

24       4.    From assisting, aiding, and/or abetting any other person or business entity

25             in engaging in or performing any of the above activities.

26       E.      An Order requiring that Defendants immediately retract and destroy all

27    products, packaging, signage, advertisements, promotional materials, stationary,

28    forms, and/or materials and things that contain or bear the TEMU Marks or any other

name, mark, trade name, company name, source identifier, or designation that contains or is confusingly similar to or dilutive of the TEMU Marks.

F.     An Order directing that, within thirty (30) days after the entry of the injunction, Defendants file with this Court and serve on Whaleco's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

G.     An Order requiring that Defendants account for and pay to Whaleco all profits arising from Defendant's unlawful acts, and increasing such profits, for payment to Whaleco in accordance with 15 U.S.C. § 1117 and other applicable laws.

H.     An Order requiring that Defendants pay statutory damages in accordance with 15 U.S.C. § 1117(c) of up to $2,000,000 for each type of service sold, offered for sale, or distributed by Defendants under the registered TEMU Marks.

I.     An Order requiring that Defendants pay Whaleco actual damages, in an amount to be determined, caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws.

J.     An Order requiring that Defendants pay Whaleco all of Whaleco's litigation expenses, including reasonable attorneys' fees and costs under 15 U.S.C. § 1117 and other applicable laws.

K.     An Order requiring that Defendants pay Whaleco punitive damages in an amount to be determined due to the foregoing willful acts.

L.     Other relief as the Court may deem appropriate.

Whaleco's *Ex Parte* Emergency Motion for Temporary Restraining Order and, Upon Notice and Hearing, Motion for Preliminary Injunction are forthcoming.

1      RESPECTFULLY SUBMITTED this 11th day of December, 2023.

**COPPERSMITH BROCKELMAN PLC**

By  /s/ Malvika A. Sinha
     Keith Beauchamp
     Malvika A. Sinha

**FINNEGAN, HENDERSON, FARBAROW, GARRETT & DUNNER LLP**

Douglas A. Rettew (*pro hac vice* forthcoming)
B. Brett Heavner (*pro hac vice* forthcoming)

*Attorneys for Plaintiff*

1   **<u>VERIFICATION</u>**

2       I, the undersigned, certify and declare that I have read the foregoing Verified

3   Complaint and know its contents.

4       I am Corporate Counsel of Whaleco Inc., a party to this action, and am

5   authorized to make this verification for and on its behalf, and I make this verification

6   for that reason. I am informed and believe and, on that ground, allege, that the matters

7   stated in the document described above are true.

8       I declare under penalty of perjury under the laws of the United States of America

9   that the foregoing is true and correct.

10       Executed on December 8, 2023.

11

12   By: _Kathleen Zhang_ _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28