**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Whaleco Incorporated, | No. CV-23-02578-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Kape Technologies (Cyprus) Limited, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Whaleco Inc.'s Motion for Default Judgment as to Defendants Torrance Xie, Riddle Inc., and Kai Chu (Doc. 61, Mot.).

**I.   BACKGROUND**

Plaintiff operates the TEMU Platform, which is "a closed-loop e-commerce platform that connects consumers with a vast array of affordable, quality products." (Doc. 20, Verified First Am. Compl. (FAC) ¶ 18.) Plaintiff registered its TEMU trademark and logo ("TEMU Marks") with the U.S. Patent and Trademark Office (USPTO) for several classifications of products and services in 2022 and 2023. (FAC ¶¶ 25–26.) Plaintiff claims that Defendants in this lawsuit, including Torrance Xie, Riddle Inc., and Kai Chu, own and operate mobile application distribution platforms that use the TEMU Marks "to dupe people into believing that Defendants' mobile application distribution platforms . . . and pirated copies of [Plaintiff's] mobile application software (the 'Infringing Apps') are put out or approved by [Plaintiff] when that is not the case." (Mot. at 1.) Plaintiff contends that "Defendants have illicitly profited from the blatant misuse of the TEMU marks and

have irreparably harmed the good will and reputation of the famous TEMU marks." (Mot. at 1.) As a result, Plaintiff brings claims of trademark counterfeiting, infringement, and dilution as well as unfair competition against Defendants under the Lanham Act, 15 U.S.C. §§ 1114, 1116, and 1125, and Arizona common and statutory law, A.R.S. § 44-1448.01. (FAC ¶¶ 50–69.)

On May 15, 2024, the Court entered Consent Judgments against four Defendants—Arshpreet Singh, Mahmoud Nassar, Swap Internet LLC, and Swap Internet Nigeria Ltd. (Docs. 45–47.) Plaintiff voluntarily dismissed its claims against Defendant Kape Technologies (Cyprus) Ltd. on August 15, 2024. (Doc. 59.) Plaintiff timely served the remaining Defendants—Torrance Xie, Riddle Inc., and Kai Chu (Doc. 40)—but they did not timely answer the Verified FAC, so the Court entered default against them on Plaintiff's application on June 11, 2024. (Doc. 52.) The Court will now resolve Plaintiff's Motion for Default Judgment against these three Defendants (Doc. 61).

## II.   LEGAL STANDARD

Before a district court enters a judgment of default, it must consider seven factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure that favors a decision on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (cleaned up).

## III.   ANALYSIS

### A.   Eligibility for Default Judgment

Factors Two and Three of the *Eitel* test—the merits of the claim and the sufficiency of the complaint—favor entry of judgment with respect to Plaintiff's claims against the three Defendants who failed to appear in this action. Plaintiff's Verified FAC alleges facts establishing all the necessary elements for its claims of trademark infringement and unfair competition under 15 U.S.C. §§ 1114, 1125 and Arizona common law because it has

demonstrated that it has protectable rights in the TEMU trademark and associated logo and that Defendants are using the TEMU Marks in a manner that is likely to cause consumer confusion. Plaintiff's Verified FAC also alleges facts establishing all the necessary elements for its claims of counterfeiting under 15 U.S.C. §§ 1114(1)(b), 1116(d) because it has demonstrated that Defendants have used and continue to use counterfeits of the federally registered TEMU Marks in connection with the advertising of goods or services, which is likely to cause consumer confusion, mistake, or deception. And Plaintiff's Verified FAC alleges facts establishing all of necessary elements of trademark dilution under 15 U.S.C. § 1125(c) and A.R.S. § 44-1448.01 because it has demonstrated that the TEMU Marks are famous and distinctive, that Defendants began using the TEMU Marks in commerce after the TEMU Marks became famous and distinctive, that Defendants acted willfully with intent to trade on Plaintiff's reputation and goodwill and to cause dilution of the famous TEMU Marks, and that Defendants' use is likely to dilute the TEMU Marks. The Court takes these well-pleaded and verified factual allegations of the FAC as true, as it must. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Factors One and Six—the possibility of prejudice and whether default was due to excusable neglect—also favor entry of judgment. Plaintiff has diligently prosecuted this matter and will suffer prejudice if it is unable to stop Defendants' conduct and seek damages therefor. Moreover, the three Defendants who failed to appear in this matter, who were properly served, are unlikely to be able to demonstrate excusable neglect.

Factor Four—the amount of money at stake—further favors entry of judgment. Plaintiff seeks significant statutory damages for Defendants' trademark infringement, counterfeiting, and dilution as well as conduct constituting unfair competition, as discussed *infra*.

While Factor Five—the possibility of factual disputes—is unknown, as it often is, and Factor Seven—the policy favoring a decision on the merits—always weighs against default, the Court finds that the balance of the factors weigh decidedly in favor of entry of default judgment against the three Defendants who failed to appear in this action.

**B.     Injunctive Relief and Damages**

Plaintiff seeks both permanent injunctive relief and money damages for Defendants' violations. With regard to injunctive relief, Plaintiff has satisfactorily demonstrated that it has suffered an irreparable injury through damage to its reputation and goodwill; that monetary damages are inadequate to fully compensate Plaintiff for that injury; that the balance of equities tips in Plaintiff's favor; and that the issuance of a permanent injunction serves the public interest. (Mot. at 12–13 (citing, *inter alia*, *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *Liberty Media Holdings, LLC v. Vinigay.com*, 2011 WL 7430062, at *14 (D. Ariz. Dec. 28, 2011)).) Accordingly, the Court will enter the permanent injunctive relief sought by Plaintiff.

With regard to damages, Plaintiff seeks statutory damages of $200,000 each against Torrance Xie and Riddle Inc., and $250,000 against Kai Chu. (Mot. at 13–17.) The Lanham Act, 15 U.S.C. § 1117(c)(1), provides that, when a counterfeit mark has been used "in connection with the sale, offering for sale, or distribution of goods or services," the plaintiff may elect, "to recover, instead of actual damages and profits . . . statutory damages . . . not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." For willful counterfeiting, the Court may award up to $2 million per counterfeit mark per type of goods or services sold under 15 U.S.C. § 1117(c)(2).

Plaintiff has satisfactorily demonstrated that significant statutory damages are warranted in this case to deter future trademark infringement and counterfeiting. (Mot. at 15–16 (citing *Playboy Enters. v. Baccarat Clothing Co.*, 692 F.2d 1272 (9th Cir. 1982)).) Because the Court does not find that Plaintiff's showing with respect to Kai Chu differs significantly from the showing with respect to Torrance Xie and Riddle Inc., the Court will award Plaintiff damages of $200,000 from each of the three Defendants who failed to appear in this action.

Plaintiff also seeks an award of attorneys' fees and costs incurred in this action and has reserved the right to file an application for attorneys' fees and a bill of costs. (Mot. at

17.) The Court will consider Plaintiff's request for attorneys' fees and costs upon the receipt of those filings.

**IT IS THEREFORE ORDERED** granting Plaintiff Whaleco Inc.'s Motion for Default Judgment as to Defendants Torrance Xie, Riddle Inc., and Kai Chu (Doc. 61).

**IT IS FURTHER ORDERED** that, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Clerk of the Court shall enter Judgment in favor of Plaintiff Whaleco, Inc. and against Defendants Torrance Xie, Riddle Inc., and Kai Chu, on all claims against these Defendants in the Verified First Amended Complaint (Doc. 20).

Defendants Torrance Xie, Riddle Inc., and Kai Chu shall each individually pay $200,000.00 in statutory damages to Plaintiff Whaleco, Inc.

Additionally, Defendants Torrance Xie, Riddle Inc., and Kai Chu, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them having notice of this Order, are permanently enjoined from violating the TEMU trademark and logo ("TEMU Marks") by:

  i. Using, registering, or seeking to use or register any name, mark, trade name, company name, domain name, source identifier, or designation comprised of or containing the TEMU mark, logo, or any similar term(s) or design in any manner likely to cause confusion with Whaleco and/or the TEMU Marks or to otherwise injure Whaleco and/or its goodwill and reputation;

  ii. Representing, by any means whatsoever, directly or indirectly, that Defendants, their services/goods, and/or their activities originate from, are sponsored by, or are associated, affiliated, or connected with Whaleco in any way;

  iii. Engaging in acts that constitute trademark infringement, counterfeiting, dilution, false designation of origin, cybersquatting, or unfair competition that would damage or injure Whaleco's business reputation or damage or dilute the value of the TEMU Marks;

    iv. Using, linking, transferring, selling, exercising control over, or otherwise owning any domain name that incorporates, in whole or in part, any of the TEMU Marks, or any domain name that is used in connection with any infringing website or webpage;

    v. Creating, operating, owning, overseeing, or otherwise exercising control over any infringing website, webpage or parked page embedding, incorporating, including, or otherwise displaying the TEMU Marks, or any version of Whaleco's names in promotion, advertising, or pay per click campaigns; and

    vi. Assisting, aiding, and/or abetting any other person or business entity in engaging in or performing any of the above activities.

The Court retains jurisdiction over this case for the purpose of enforcing the permanent injunction.

    **IT IS FURTHER ORDERED** that Plaintiff shall file any application for attorneys' fees and bill of costs in compliance with Local Rules 54.1 and 54.2 within 30 days of the date of this Order, if Plaintiff so chooses.

    **IT IS FURTHER ORDERED** that, because the Court has now resolved Plaintiff's claims against all Defendants in this case (*see* Docs. 45–47, 59), the Clerk of Court shall close this case.

    Dated this 26th day of March, 2025.

                                  Honorable John J. Tuchi
                                  United States District Judge